IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 2:18-CR-147 |
| BILAL EL-YOUSSEPH, | : | Judge Graham |
| Defendant. | : | |

**MOTION OF DEFENDANT, BILAL EL-YOUSSEPH, TO WITHDRAW GUILTY PLEA**

Now comes the defendant, Bilal El-Yousseph, by and through counsel, pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, and moves this Honorable Court to grant him leave to withdraw his previously entered plea of Guilty.  Mr. El-Yousseph wishes to withdraw from the original plea agreement and proceed under a new agreement signed by the parties herein.  Support for this request is provided in the memorandum below.

Respectfully submitted,

/s/ Andrew T. Sanderson
Andrew T. Sanderson, #0066327
Attorney for Defendant Bilal El-Yousseph
BURKETT & SANDERSON, Inc.
73 North Sixth Street
Newark, Ohio 43055
(740) 345-0417
asanderson@burkettlaw.net

**MEMORANDUM IN SUPPORT**

On December 21, 2018, President Donald Trump signed into law the First Step Act which affects the sentencing of criminal defendants.  Pursuant to a plea agreement drafted prior to the enactment of the law, Mr. El-Yousseph appeared before Magistrate Norah King on January 23, 2019,

and entered a guilty plea to Count One of the information. On April 4, 2019, Assistant United States Attorney Peter Glenn-Applegate approached the undersigned with an offer to revise the plea agreement between the parties to reflect the impact the new law would have had on Mr. El-Yousseph criminal exposure in the instant case. What follows is Mr. Glenn-Applegate's email of April 4, 2019:

> I wanted to bring to your attention a way in which the recently enacted First Step Act affects Mr. El Yousseph's case. When we were negotiating a plea agreement for Mr. El Yousseph last year, he faced legal jeopardy for two § 924(c) charges, one for the February 2018 incident to which he has pleaded guilty and one for the June 2018 incident charged in the original indictment. Under then-existing law, if tried and convicted of both counts of § 924(c), Mr. El Yousseph would have received a total mandatory prison term of 30 years—5 years for one count and a consecutive 25-year term for the second count. That is because the Supreme Court held that a "second or subsequent conviction" triggering § 924(c)'s consecutive 25-year mandatory minimum can arise from the same charging instrument as the first conviction. *Deal v. United States*, 508 U.S. 129 (1993). So during our plea negotiations, Mr. El Yousseph faced a potential minimum term of imprisonment of 30 years.
> The First Step Act changed that. Under the Act, the 25-year mandatory minimum does not apply unless the defendant has a prior § 924(c) conviction that became final before his current § 924(c) violation. Mr. El Yousseph does not have that. Under the Act, two § 924(c) convictions from the same charging instrument still carry mandatory consecutive sentences, but the second violation does not carry a 25-year mandatory minimum if the first conviction arose from the same charging instrument. That change applies to all defendants who have not been sentenced prior to December 21, 2018. Now, Mr. El Yousseph would, if tried and convicted of both § 924(c) violations, face a potential minimum term of imprisonment of 12 years—7 for the February incident where he brandished the firearm, and a consecutive 5 for the June incident. In light of the change in the law, I would not oppose a defense motion to withdraw Mr. El Yousseph's guilty pleas. Short of that, however, I propose that we file an amended plea agreement, where we change our agreed, binding sentence range from the previous 12–22 years to a new 7–22 years. This change recognizes the First Step Act's reduction in the mandatory minimum sentence to which Mr. El Yousseph was potentially exposed, while also continuing to recognize the strength of the evidence. I have attached a draft Amended Plea Agreement to that effect for your review. Given that this would affect the PSR, we may want to file a joint motion to continue the PSR deadlines while we sort this out.

On the heels of this discussion, a revised Plea Agreement was prepared and agreed to by the

parties. On April 12, 2019, the undersigned met with Mr. El-Yousseph via video conference – he has been moved to the Corrections Center of Northwest Ohio in Stryker, Ohio – and the revise plea agreement was reviewed. Mr. El-Youseseph has now signed the same.

The Federal Rules of Criminal Procedure provide a mechanism through which a criminal defendant may withdraw his plea. Rule 11 provides, in the relevant part, "A defendant may withdraw a plea of guilty or nolo contendere … after the court accepts the plea, but before it imposes sentence if: … the defendant can show a fair and just reason for requesting the withdrawal." Crim.R. 11(d)(2)(B). In the instant case, the plea has been accepted but sentence has not yet been imposed so this Rule applies to Mr. El-Yousseph's request.

The defendant has the burden of demonstrating a fair and just reason for the withdrawal of his plea. With that said, the standard is to be applied "liberally" when the request is made prior to the imposition of sentence. *See generally United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir. 2005). A motion to withdraw a plea made prior to the imposition of sentence should be "freely allowed." *United States v. Signori*, 844 F.2d 635, 637 (9th Cir. 1988). "Fair and just reasons" for withdrawing a plea have been described as "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea. . . ." *United States v. Ortega-Ascanio*, 376 F.3d 879, 833 (9th Cir. 2004). In the instant case, Mr. El-Yousseph offers intervening circumstances and other reasons not known to him at the time of the plea as the "fair and just" grounds for his request.

At the time of the plea, Mr. El-Yousseph expected to be sentenced with a certain agreement in mind. That agreement has now changed, and the change is one favorable to this defendant. The Criminal Rules place no limitations on when a plea may be withdrawn other than classifying such

motions by when they occur with respect to sentencing: "A defendant may withdraw a plea of guilty or nolo contendere … after the court accepts the plea, but before it imposes sentence if: … the defendant can show a fair and just reason for requesting the withdrawal." Crim.R. 11(d)(2)(B). In the instant case, the plea has been accepted but sentence has not yet been imposed so this Rule again applies to Mr. El-Yousseph's request. It matters not—under the Criminal Rules—if the request is made three days after the entry of the plea or three days prior to the imposition of sentence.

This case has been pending less than a year. Mr. El-Yousseph has not demonstrated by word or deed that he is taking steps to delay these proceedings or otherwise frustrate the smooth administration of justice. This is not a defendant that has lain in the bushes, wasting the time of the Court or the resources of the government. The government is in agreement that the matter should be re-set with a new plea agreement in place and is not opposed to the instant request.

For each of these reasons, Mr. El-Yousseph respectfully moves this Honorable Court to grant him leave to withdraw his previously entered plea and to reset the matter for a change of plea hearing pursuant to the new plea agreement between the parties.

/s/ Andrew T. Sanderson
Andrew T. Sanderson, #0066327
Attorney for Defendant Bilal El-Yousseph

### CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was duly served upon the Office of the United States Attorney, 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215, by electronic transmission on this 2nd day of May, 2019.

/s/ Andrew T. Sanderson
Andrew T. Sanderson, #0066327
Attorney for Defendant Bilal El-Yousseph