IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    vs.                                      Criminal Action 2:18-cr-147
                                                JUDGE JAMES L. GRAHAM

**BITAL EL-YOUSSEPH**

## REPORT AND RECOMMENDATION

Defendant Bital El-Yousseph is charged in a *Superseding Information* with one count of conspiracy to distribute and to possess with intent to distribute controlled substances (Count 1), and one count of brandishing or using a firearm in connection with the drug trafficking activity charged in Count 1 (Count 2). *Superseding Information,* ECF No. 24. The *Superseding Information* also contains a forfeiture count by which the United States seeks to forfeit any interest that defendant may have in three firearms, ammunition and magazines. *Id.*

Defendant previously pleaded guilty to those charges pursuant to a plea agreement, *see Order*, ECF No. 31, but was permitted to withdraw his guilty plea in light of the First Step Act of 2018. *Order*, ECF No. 34. The United States and defendant thereafter entered into a new plea agreement, whereby defendant again agreed to enter a plea of guilty to both counts, but which gives defendant the benefit of the First Step Act changes. *Plea Agreement*, ECF No. 36.[1] On June 12, 2019, defendant, accompanied by his counsel, appeared for another guilty plea proceeding. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v.*

---
[1] The *Plea Agreement*, ECF No. 36, was executed pursuant to the provisions of Fed. R. Crim. P. 11(c)(1)(C) and includes an appellate waiver provision that preserves only certain claims for appeal. Under the *Plea Agreement*, defendant also agrees to forfeit his interest in the firearms, ammunition and magazines referred to in the *Superseding Information*, and his interest in a specified cell phone. Defendant also agrees to an order of restitution.

1

*Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed). Defendant also waived his right to an indictment in open court and after being advised of the nature of the charges and of his rights. *See* Fed. R. Crim P. 7(b).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of drugs or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Superseding Information* and the consequences of his plea of guilty to those charges. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the new plea agreement signed by him, his attorney and the attorney for the United States and filed on May 8, 2019, represents the only promises made by anyone regarding the charges in the *Superseding Information*. Defendant was advised that the District Judge may accept or reject the plea agreement. Defendant was further advised that, if the Court refuses to accept the plea agreement, defendant will have the opportunity to withdraw his guilty plea but that, if he does not withdraw his guilty plea, the District Judge may impose a sentence that is more severe than the sentence contemplated in the plea agreement, up to the statutory maximums.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the new plea agreement. He confirmed that he is pleading guilty to Counts 1 and 2 of the *Superseding Information* because he is in fact guilty of those offenses. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Counts 1 and 2 of the *Superseding Information* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 1 and 2 of the *Superseding Information* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the

decision of the District Court adopting the *Report and Recommendation.
See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of
Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States
v. Walters,* 638 F.2d 947 (6th Cir. 1981).



June 12, 2019                                    *s/  Norah McCann King*
 Date                                           Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge