IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                      Case No. 2:18-cr-147

Bilal A. El-Yousseph

## OPINION AND ORDER

By judgment entered on August 26, 2019, defendant was sentenced to a term of incarceration of 18 months on Count 1, a drug conspiracy in violation of 21 U.S.C. §846, and a consecutive term of incarceration of 84 months on Count 2, brandishing, using and carrying a firearm during and in relation to a drug crime in violation of 18 U.S.C. §924(c).

On December 2, 2020, defendant filed a motion for compassionate release from imprisonment under 18 U.S.C. §3582(c)(1)(A), alleging that due to obesity, he was at risk of severe illness from COVID-19. See Doc. 55. Counsel was appointed to represent the defendant. On December 28, 2020, defense counsel filed a supplement in support of the motion for compassionate release. Doc. 58. On January 15, 2021, the government filed a response in opposition, noting that defendant had failed to show that he had exhausted his administrative remedies. Doc. 62.

Under §3582(c)(1)(A)(i), a motion for reduction in sentence for "extraordinary and compelling reasons" can be filed with the court if the defendant has exhausted his administrative remedies. If the defendant presents his request to the warden and receives no response within thirty days, he may then file a motion in the district court. See United States v. Daniels, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *2-3 (N.D. Ala. Apr. 22, 2020); Guzman v. United States, No. 2:10-CR-161, 2019 WL 1966106, at *2 (E.D.Tenn.

May 2, 2019).  This exhaustion requirement is not jurisdictional, but is a mandatory condition which must be enforced if the government timely objects to the failure to exhaust.  <u>United States v. Alam</u>, 960 F.3d 831, 833-834 (6th Cir. 2020).  Defendant alleged that he submitted a request for compassionate release to the warden on September 15, 2020, and has not received a response.  However, he has submitted no documentary evidence to substantiate this bare allegation.  Based on this record, the court does not have a sufficient basis for concluding that defendant has exhausted his administrative remedies.

Defendant's motion and supplemental motion for compassionate release under §3582(c)(1)(A)(i) (Docs. 55 and 58) are denied without prejudice.  The defendant may renew his motion for compassionate release after he has exhausted his administrative remedies.

Date: January 21, 2021           s/James L. Graham
                                 James L. Graham
                                 United States District Judge