IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                                   Case No. 2:18-cr-147

Bilal A. El Yousseph

OPINION AND ORDER

     Defendant pleaded guilty to a superseding information charging him with conspiracy to distribute and to possess with the intent to distribute controlled substances (marijuana, Adderall and Xanax) in violation of 21 U.S.C. §846 (Count 1) and brandishing, carrying and using a firearm during and in relation to a drug trafficking crime (Count 2).  By judgment entered on August 26, 2019, he was sentenced to a term of incarceration of 18 months on Count 1, and a consecutive term of imprisonment of 84 months on Count 2, or a total term of 102 months, to be followed by concurrent terms of supervised release of 3 and 5 years.  He has been in custody approximately 31 months since his arrest on the federal warrant.  His projected release date from the institution is October 17, 2025.

     On December 2, 2020, defendant filed a <u>pro se</u> motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act of 2018, stating that he was at risk from COVID-19 due to obesity.  Doc. 55.  Counsel was appointed to represent the defendant.  On December 28, 2020, counsel filed a supplement to the motion, arguing that defendant's obesity and his mental health issues warranted a reduced sentence. Doc. 58.  The government responded on January 15, 2021, contending that defendant failed to demonstrate that he had exhausted his administrative remedies as required under §3582(c)(1)(A).  Doc. 62.  On January

21, 2021, the court denied defendant's motion without prejudice due to his failure to exhaust his administrative remedies. Doc. 63.

On January 29, 2021, defendant filed a supplement to his motion and submitted a copy of a request for release dated September 15, 2020, which he made to the warden. Doc. 64. In that request, defendant stated that he was at risk from COVID-19 due to medical issues (obesity and former chain smoker) and his minority status (he is of Middle Eastern ancestry). Defendant claimed that he received no response to his request. On February 8, 2021, counsel filed another supplemental memorandum arguing that defendant had exhausted his administrative remedies, and that defendant's release was warranted due to his health issues, which had not been addressed by the Bureau of Prisons ("BOP"). Doc. 67. On February 26, 2021, the government filed a response stating that exhaustion was not contested, but that defendant's motion should be denied based on the factors in 18 U.S.C. §3553(a). Doc. 69.

I. Standards for Compassionate Release

Under 18 U.S.C. §3582(c)(1)(A)(i), the court can reduce a sentence under §3582(c)(1)(A) if the court finds that "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. §3582(c)(1)(A)(i). District courts have full discretion to define what constitutes an "extraordinary and compelling" reason. See United States v. Jones, 980 F.3d 1109, 1111 (6th Cir. Nov. 20, 2020). The court must also consider the factors set forth in 18 U.S.C. §3553(a) to the extent that they are applicable. §3582(c)(1)(A). If, after weighing the §3553(a) factors, the court decides that the motion is well taken, the court "may reduce the term of imprisonment[.]" §3582(c)(1)(A). The grant of

compassionate release is at the discretion of the court. <u>United States v. Kincaid</u>, 802 F. App'x 187, 188 (6th Cir. 2020).

<u>II. Defendant's Medical Conditions</u>

Defendant, who is 29 years old, alleges that he has medical conditions which place him at risk for serious illness from COVID-19. He has submitted no medical records in support of this claim, nor has he demonstrated in what respect the BOP has failed to treat any particular condition. Rather, defendant relies on information contained in the presentence investigation report ("PSR"). When that report was prepared, defendant stated that his health was good and denied any serious conditions. However, he was diagnosed with Attention-Deficit/Hyperactivity Disorder ("ADHD") as a child and took Adderall into adulthood. Defendant also used marijuana, cocaine and Xanax on a regular basis.

At the time of the PSR, defendant was 5 feet, 11 inches, and weighed 215 pounds. According to the Centers for Disease Control ("CDC"), obesity (a body mass index over 30kg/m) is a condition which poses a risk of severe illness from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity. (last visited March 2, 2021). However, there is no evidence that defendant suffers from any adverse physical problems specifically linked to his weight. <u>See</u> <u>United States v. Tranter</u>, 471 F. Supp.3d 861, 865 (N.D. Ind. July 8, 2020)(noting that BMI is "a notoriously blunt tool" with clinical limitations, including its inability to differentiate between excess fat, muscle and bone mass, and that defendant had not identified any current medical issues resulting from his obesity).

Defendant notes that he was formerly a chain smoker. Being a former smoker is also a circumstance that can render a person more susceptible to a risk of serious illness due to COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#smoking. (last visited March 2, 2021). There is no evidence that defendant has smoked since being confined in a federal institution in 2019. Defendant has also presented no evidence of any adverse physical symptoms which he is currently experiencing or has experienced in the past due to his smoking. See Tranter, 471 F.Supp. 3d at 865 (rejecting defendant's argument that his status as a former smoker placed him at increased risk where defendant identified no adverse health effects resulting from his smoking past).

Other than defendant's substance abuse problems and his ADHD diagnosis, defendant has produced no evidence of any mental conditions. Mental conditions are not on the list of conditions which the CDC has recognized as resulting in an increased risk of serious illness due to COVID-19. Even outside the context of COVID-19, the defendant's mental conditions are not extraordinary and compelling. Substance abuse problems are not uncommon or unusual. Despite the ADHD diagnosis, defendant graduated from high school and earned some college credit hours.

Defendant also states that he is a member of a minority group. The CDC has noted that some racial and ethnic minority groups have been disproportionately affected by COVID-19 due to factors such as poverty, discrimination, lack of access to health care, type of employment, and housing. See https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last visited march 2, 2021). There is no indication that any of these factors

4

would make defendant any more susceptible than non-minority inmates to COVID-19 in a federal institution, or put him in a less favorable position for obtaining medical treatment or other services.

As to the risk of contracting COVID-19 at the institution, the BOP reports that at Gilmer FCI, the facility housing 1,400 inmates where defendant is confined, 292 inmates and 61 staff have recovered from COVID-19, and 2 inmates and 5 staff have currently tested positive. https://www.bop.gov/coronavirus (last checked March 1, 2021). This indicates that although Gilmer FCI has had a problem with COVID-19 in the past, the rate of infection is now much more controlled. The court also notes that the BOP is now working with the CDC and the federal government's COVID-19 Vaccine/Therapeutics Operation to ensure that the BOP is prepared to receive and administer the COVID-19 vaccines. At this point, 114 staff and 113 inmates at Gilmer have been vaccinated. See https://www.bop.gov/coronavirus (last checked March 2, 2021).

The court concludes that the above factors relied on by defendant do not constitute an extraordinary and compelling reason for his release.

### III. §3553(a) Factors

The court must also address the applicable §3553(a) factors. The offenses in this case were serious. Defendant participated in a conspiracy to distribute and to possess with the intent to distribute fentanyl, Xanax, marijuana and Ritalin. He was an organizer and leader and recruited others to join the conspiracy, including at least one juvenile. He participated in an incident in which an individual who was suspected of stealing drugs from the conspiracy was threatened with death. The PSR reported that

5

defendant and others repeatedly pointed firearms at the victim and threatened to kill him and his family members unless he wrote a confession. This violent incident, which amounted to the prolonged psychological torture of the victim, highlights the need for the sentence imposed to deter similar conduct in the future and to protect the public from additional crimes by the defendant.

As to the history and characteristics of the defendant, at the time of his convictions for the offense in this case, defendant was in Criminal History Category II. His prior record includes a 2010 conviction for assault, which involved defendant and three others assaulting a high school student; 2011 convictions for under-aged possession of alcohol and physical control; a 2012 conviction for under-aged drinking; and a 2016 conviction for possession of drug paraphernalia related to marijuana. The prior conviction for a violent offense is troubling and reinforces the need for defendant to serve a sentence which protects the public.

Defendant reported that he was raised in a good home. He was employed prior to his arrest. However, he has a history of substance abuse, including the use of marijuana, cocaine and Xanax, which probably contributed to his involvement in the offenses in this case. The PSR reported that defendant never received treatment for these addictions. As part of the judgment in this case, the court recommended to the BOP that the defendant be enroled in substance abuse and vocational and educational programs. There is no evidence that defendant has yet had the opportunity to participate in any such programs, particularly in light of any restrictions in place due to the COVID-19 pandemic. This raises concerns as to whether defendant's early release would lead to defendant reverting to the use of controlled substances and

6

committing additional crimes.

Defendant has served approximately 31 months, less than one-third of the imposed sentence. A reduced sentence would not be sufficient to reflect the seriousness of the offenses, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from more crimes by the defendant. The court concludes that the §3553(a) factors warrant denying defendant's motion for a reduced sentence. Even assuming, arguendo, that defendant's health conditions and other concerns are sufficient to constitute an "extraordinary and compelling reason" for a sentence reduction, that reason is outweighed by the statutory factors which militate against defendant's early release.

IV. Conclusion

In accordance with the foregoing, defendant's motion for a reduced sentence (Docs. 64 and 67) is denied.

Date: March 2, 2021                    s/James L. Graham
                                       James L. Graham
                                       United States District Judge