IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                                   Case No. 2:18-cr-147

Bilal El Yousseph

Opinion and Order

This matter is before the Court on the *pro se* motion of Defendant for a modification of sentence under 18 U.S.C. § 3582(c). Defendant's motion raises three issues: (1) his eligibility for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines; (2) his eligibility for good time credits under the First Step Act of 2018; and (3) his eligibility for placement in a residential reentry center under the Second Chance Act of 2007. For the reasons stated below, the Court finds that Defendant's motion must be denied as to all three issues.

**I.    Background**

Defendant pleaded guilty to a superseding information charging him with conspiracy to distribute and to possess with the intent to distribute controlled substances (marijuana, Adderall and Xanax) in violation of 21 U.S.C. § 846 (Count 1), and brandishing, carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). By judgment entered on August 26, 2019, he was sentenced to a term of incarceration of 18 months on Count 1, and a consecutive term of imprisonment of 84 months on Count 2, or a total term of 102 months, to be followed by concurrent terms of supervised release of 3 and 5 years. Defendant's projected release date from incarceration is October 17, 2025.

**II.    Discussion**

    **A.    Amendment 821**

Amendment 821 to the Sentencing Guidelines made available a two-level reduction in the offense level for offenders with zero criminal history points. *See* U.S.S.G. § 4C1.1 (effective November 1, 2023). This change has retroactive application. *See* U.S.S.G. § 1B1.10(d). The Court finds that on its face Amendment 821 does not apply to Defendant because he had a total of three criminal history points. *See* PSR, ¶ 55.

1

Defendant argues that he should be considered as a zero-point offender. His line of reasoning is not clear, but his argument seems to relate somehow to his belief that he did not commit a crime of violence.

Under U.S.S.G. § 4C1.1(a)(3), defendants who used violence or a threat of violence in connection with the offense are not eligible for the two-level decrease for zero-point offenders. But for this provision to even come into consideration, the defendant must first have no criminal history points. *See* U.S.S.G. § 4C1.1(a)(1). Here, Defendant had three criminal history points, so whether he used violence or a threat of violence in connection with the offense does not make a difference.[1]

Thus, Defendant is not eligible for a sentence reduction under Amendment 821.

### B. First Step Act

The First Step Act amended 18 U.S.C. § 3624(b)(1) to increase the maximum allowable good time credits from 47 to 54 days for each year of the sentence imposed. *See Jamison v. Warden, Elkton Fed. Corr. Inst.*, No. 1:19-CV-789, 2019 WL 5690710, at *2 (S.D. Ohio Nov. 4, 2019) (citing First Step Act, Pub. L. No. 115-391, § 102(b)(1)(A), 132 Stat. 5194 (2018)).

Defendant states that he has requested good time credits, but prison officials have denied his requests. According to Defendant, the basis for the denials has been that he is ineligible because he is serving a sentence for unlawful possession or use of a firearm during a drug trafficking crime or crime of violence. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii) (providing that a prisoner serving a sentence for a conviction under 18 U.S.C. § 924(c) is not eligible for good time credit). Defendant asks the Court to order the Bureau of Prisons to award him good time credits.

The Court cannot consider Defendant's request. To properly present his request for judicial review, Defendant must exhaust all BOP administrative procedures and file a petition under 28 U.S.C. § 2241. *See United States v. Ajan*, No. 2:02-CR-71, 2024 WL 1078217, at *3 (E.D. Tenn. Mar. 12, 2024) ("Sixth Circuit precedent holds that calculation of good-time credits is the responsibility of the BOP, and the Court may only hear a contested calculation after Defendant has exhausted administrative remedies and filed a challenge pursuant to 28 U.S.C. § 2241.") (citing *United States v.*

---

[1] The Court notes for the clarity of the record that Defendant used violence or a threat of violence in connection with the offense. Defendant pleaded guilty to brandishing, carrying and using a firearm during and in relation to a drug trafficking crime. As part of the Statement of Facts attached to the Plea Agreement, it was agreed that the Government could prove beyond a reasonable doubt that Defendant pointed a firearm at an individual's head and groin while repeatedly threatening to kill him and his family. *See* Doc. 23 at PAGEID 46.

*Chase*, 104 Fed. App'x 561, 562 (6th Cir. 2004); *United States v. Washington*, No. 5:13-03-KKC, 2022 WL 243310 at *1, 2022 U.S. Dist. LEXIS 19239 at *3 (E.D. Ky. Jan. 24, 2022)).

Moreover, the "proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). The court maintains jurisdiction over a § 2241 habeas petition "only if it has personal jurisdiction over the petitioner's custodian." *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003). The custodian is "the individual having day-to-day control over the facility in which [the petitioner] is being detained" and who has the ability to produce the prisoner's body. *Id.*, 340 F.3d at 319; *see also Padilla*, 542 U.S. at 435. According to Defendant's filings (and confirmed by the BOP's online records), Defendant is incarcerated at the Federal Medical Center in Lexington, Kentucky. Because Defendant's custodian is located outside of this judicial district, the Court lacks jurisdiction to hear Defendant's claim. *See Weiss v. Healy*, No. 4:23-CV-2074, 2024 WL 1858529, at **4–5 (N.D. Ohio Mar. 15, 2024).

### C. Second Chance Act

The Second Chance Act amended 18 U.S.C. § 3624(c) to authorize the BOP to consider placing an inmate in a residential reentry center for up to the final 12 months of his sentence. *See Demis v. Sniezek*, 558 F.3d 508, 513–14 (6th Cir. 2009) (citing Second Chance Act, Pub. L. No. 110–199, § 251(a), 122 Stat. 657 (2008)).

Defendant states that he has successfully completed various rehabilitative and educational programs while incarcerated. He argues that he should be eligible for placement in an RRC, but believes the BOP will determine, or perhaps already has determined, that he is not eligible. Defendant asks the Court to order the BOP to "correctly apply" the Second Chance Act.

Here too, the Court cannot consider Defendant's request. Defendant must first exhaust all BOP procedures and file a petition under § 2241. *See Levon v. Eichenlaub*, No. 07-13771, 2008 WL 5422682, at *2 (E.D. Mich. Dec. 29, 2008) (Second Chance Act). And a petition under § 2241 seeking relief relating to the Second Chance Act should be filed in the district in which Defendant's custodian is located. *See id.*

### III. Conclusion

Accordingly, Defendant's motion for a modification of sentence (doc. 71) is denied.

Date: October 10, 2024                                   *James L. Graham*
                                                        James L. Graham
                                                        United States District Judge